IN MATTER OF APPEAL OF LEMON TOWNSHIP TRUSTEES, BUTLER COUNTY.

(Decided May 27, 1938.)

*Mr. C. W. Elliott*, for the township trustees.
*Mr. Fred J. Schatzmann*, for the city of Middletown.

HAMILTON, J. The record in this case discloses that the city of Middletown is and was in April, 1936, a municipal corporation in Lemon township, Butler county, Ohio; that on April 2, 1936, by resolution, the City Commissioners of the city of Middletown, petitioned the county commissioners to change the limits ·of the township, so as to establish a new township out of a portion of Lemon township, with the name of the township of Middletown, with its boundaries coterminus with those of the city of Middletown. On Feb-

ruary 19, 1937, the commissioners established the township of Middletown, which is coextensive and coterminus with the boundaries of the city of Middletown, Ohio. July 23, 1937, the county commissioners ordered the apportionment of the funds in the treasury of Lemon township prior to the creation of the new township of Middletown, to Middletown township to the extent that such funds were collected from the territory comprising Middletown township, and directed the county auditor to pay and distribute to the city of Middletown, Ohio, all of Lemon township's share of the tax moneys collected by the county treasurer since March 30, 1937, or at any time hereafter, on property within the bounds of Middletown township, which tax moneys, except for the creation of Middletown township, would have been paid and distributed to Lemon township.

From that order apportioning the funds, an appeal was taken to the Court of Common Pleas. The Court of Common Pleas held that there was no authority in law on the part of the county commissioners to apportion the funds, and reversed and set aside the order of the commissioners making the apportionment.

Appeal was taken from the judgment of the Court of Common Pleas, and the question here for decision is as to the authority of and the legality of the action of the county commissioners in making the apportionment of the funds.

It seems to us that the case of *Cooley* v. *State, ex rel. Village of Bay,* 74 Ohio St., 252, 78 N. E., 369, is determinative of the law question here, and requires a reversal of the judgment of the Court of Common Pleas, and an affirmance of the action of the county commissioners in making the apportionment.

The appellees, Lemon township trustees, and the trial court seek to distinguish the *Cooley case* on the ground that the statutory law has been changed since

the *Cooley case* was decided. While the law has been codified and the sections renumbered, we find no change in the basic law.

It is suggested that old Section 1377, Revised Statutes, in force at the time of the decision in the *Cooley case,* was changed by Sections 3245 and 3246, General Code, by adding the words "except as hereinafter provided," urging that this eliminates the provision as to distribution of funds, because the section providing the method for the establishment of a new township by the county commissioners, on the resolution of the city commissioners, does not contain any provision for the division of funds and no division can be made in the absence of statutory authority. The several sections must be considered *in pari materia,* in so far as they can be made to apply. Section 3246, General Code, is in general terms. True, special provision is made in Section 3245, General Code, for the establishment of a new township, and the division of townships on petition. But Section 3246, General Code, is separate from any of the other sections, providing for change in boundary lines and townships. In addition thereto is Section 3250-2, General Code, which provides for the apportionment of indebtedness by the county commissioners upon the establishment of new townships, and changing original township lines. This further shows the intent of the Legislature to authorize the apportionment of the tax funds.

These sections, construed together, lead to the conclusion that where the boundary lines are changed, and the township thus formed is within the boundary lines of the former township, it necessarily follows that a division of the taxes levied and on hand must be apportioned by the authorities authorized to make the division.

Our conclusion is that under the statute and upon the authority of *Cooley* v. *State, ex rel. Village of Bay,*

*supra,* construing like statutes, the judgment of the Court of Common Pleas should be, and is hereby, reversed, and the order of the county commissioners making a division of the funds is affirmed.

*Judgment reversed.*

Ross, P. J., and Matthews, J., concur.